**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

MITIKIRO MATAPO TEAVA,
Petitioner,
v.
MARKWAYNE MULLIN, *et al.*,
Respondents.

Case No. 5:26-cv-03573-ACCV

**ORDER GRANTING FIRST AMENDED PETITION IN PART**

## I. RULING

Petitioner Mitikiro Matapo Teava ("Petitioner") (A# 072-339-561) is an immigration detainee in custody at the Adelanto ICE Processing Center in Adelanto, California. A national and citizen of New Zealand, Petitioner has been detained since March 14, 2026. (Dkt. 7 at 2, 7.) Petitioner challenges his detention without a hearing as unlawfully prolonged, a violation of 8 U.S.C. § 1226(a), and under the Fifth Amendment's procedural due process protections. (*Id.* at 14–16.)

For the reasons discussed below, the Court grants the First Amended Petition in part.

/ / /

## II. RELEVANT FACTS AND PROCEDURAL HISTORY

Petitioner is a national and citizen of New Zealand who first entered the United States in 1995 on a non-immigrant F-1 student visa. (Dkt. 7 at 6.) Petitioner alleges he has lived continuously in the United States, for approximately thirty years, since his entry in 1995. (*Id.*) Petitioner has thirteen children and is married to a U.S. citizen. (*Id.*) According to Petitioner, he has community and family ties in the United States. (*Id.*)

Petitioner alleges he is pursuing relief from removal in his immigration proceedings, which includes an application for cancellation of removal. (*Id.* at 6–7.)

On March 14, 2026, Petitioner was arrested and detained by U.S. Immigration and Customs Enforcement's ("ICE") Criminal Alien Program at West Valley Detention Center. (*Id.* at 7.) Petitioner was charged as removable under 8 U.S.C. § 1182(a)(6)(A)(i) (alien present without admission or parole) and 8 U.S.C. § 1182(a)(7)(A)(i)(I) (immigrant without a valid entry document). (*Id.*) Petitioner was issued a Notice to Appear and placed in removal proceedings under Immigration and Nationality Act ("INA") § 240. (*Id.*) Petitioner was in local custody pending state charges when ICE arrested him. (*Id.* at 8.) Petitioner alleges the state charges are unproven allegations of which he has not been convicted of and therefore, cannot be a basis for removability. (*Id.*)

At the time his First Amended Petition ("Amended Petition") was filed, Petitioner alleges he has no final order of removal, and his immigration proceedings are ongoing. (*Id.*) In the Amended Petition, Petitioner alleges that the immigration judge admitted into evidence the Department of Homeland Security's I-213 without asking for objections by Petitioner; Petitioner alleges the I-213 is inaccurate. (*Id.* at 7–8.)

Since his detention, Petitioner alleges he remains detained at the Adelanto

ICE Processing Center without a bond hearing or individualized hearing on whether his detention is justified. (*Id.* at 8.)

Petitioner filed his Petition for Writ of Habeas Corpus on June 29, 2026, and then filed the Amended Petition on July 2, 2026. (Dkts. 1; 7.) Advancing three claims, Petitioner argues his detention without a bond hearing violates the Fifth Amendment's procedural due process protections, § 1226(a), and is unlawfully prolonged. (Dkt. 7 at 14–16.)

Petitioner requests, *inter alia*, that the Court declare Petitioner's detention without a bond hearing violates the INA and the Due Process Clause. (*Id.* at 17.) Petitioner also requests that the Court grant a writ of habeas corpus requiring Respondents immediately release Petitioner on appropriate conditions of supervision. (*Id.*)

Respondents filed an Answer to the Amended Petition on July 6, 2026. (Dkt. 8.) Respondents state that "Petitioner appears to be a member of the Bond Eligible Class certified in" *Bautista v. Santacruz*, 813 F. Supp. 3d 1084 (C.D. Cal. 2025), *judgment entered sub nom. Maldonado Bautista v. Noem*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025) ("*Bautista*"). (*Id.* at 2.) Respondents argue if Petitioner is entitled to any remedy, such relief is at most a bond hearing under 8 U.S.C. § 1226(a). (*Id.*) In his July 9, 2026 Reply, Petitioner argues that Respondents have conceded he is a member of the *Bautista* Bond Eligible Class. (Dkt. 10 at 2, 4–5, 18.) Petitioner again requests his immediate release or, in the alternative, a bond hearing with safeguards to prevent jurisdictional denial and to ensure that the bond hearing is constitutionally adequate. (*Id.* at 14–18.)

## III. LEGAL BACKGROUND

Relief in the form of a writ of habeas corpus may be granted to a person in custody under the authority of the United States if the petitioner can show that he is

"in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525, 124 S. Ct. 2633, 2644, 159 L. Ed. 2d 578 (2004) (citing U.S. Const. art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484, 93 S. Ct. 1827, 1833, 36 L. Ed. 2d 439 (1973). Traditionally, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301, 121 S. Ct. 2271, 2280, 150 L. Ed. 2d 347 (2001). A noncitizen in the custody of immigration authorities may bring a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on the grounds of their detention violates the Constitution or other federal laws. 28 U.S.C. § 2241(c)(3); *Zadvydas v. Davis*, 533 U.S. 678, 687–88, 121 S. Ct. 2491, 2497, 150 L. Ed. 2d 653 (2001) (federal courts retain jurisdiction to consider habeas relief under § 2241 for noncitizens subject to detention following an order of removal).

## IV. DISCUSSION

Petitioner argues that his ongoing confinement violates due process and the INA. Consistent with recent decisions by this District and others, the Ninth Circuit's decision in *Rodriguez Vazquez*, and the parties' agreement, the Court finds that Petitioner is entitled to an initial bond hearing. *Rodriguez Vazquez v. Bostock*, No. 25-6842, 2026 WL 2196424 (9th Cir. July 30, 2026) (holding "that aliens present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)."). The Court dismisses Petitioner's remaining claims as moot.

The parties agree that Petitioner's detention is pursuant to 8 U.S.C.

§ 1226(a), not 8 U.S.C. § 1225(b)(2)(A). (*See* Dkts. 7 at 2–3, 14; 8 at 2; 10 at 4–5.) On July 30, 2026, the Ninth Circuit found that noncitizens "present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)," rejecting the government's position that unadmitted noncitizens present in the interior of the country are subject to mandatory detention without bond under 8 U.S.C. § 1225(b)(2)(A). *Rodriguez Vazquez*, 2026 WL 2196424, at *3. Petitioner alleges he is an unadmitted noncitizen, who was present in the "interior" of the country when he was detained. (Dkt. 7 at 2–3, 7, 9, 14–15.) Respondents do not argue otherwise. (*See generally* Dkt. 8.) Thus, Petitioner is subject to 8 U.S.C. § 1226. *See Rodriguez Vazquez*, 2026 WL 2196424, at *26.

The Ninth Circuit's reasoning in *Rodriguez Vazquez v. Bostock* affirmed the reasoning underlying the Judgment in *Bautista*, 813 F. Supp. 3d 1084. The certified class in *Bautista* is "[a]ll noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination." *Id.* at 1127.

Here, the parties agree that Petitioner is subject to *Bautista*. As noted, Respondents state in their Answer that "Petitioner appears to be a member of the Bond Eligible Class certified in *Maldonado Bautista v. Santacruz*[.]" (Dkt. 8 at 2.) In Petitioner's Reply, he states that Respondents concede that Petitioner is a member of the *Bautista* Bond Eligible Class and entitled to a bond hearing pursuant to *Bautista*. (Dkt. 10 at 5–6, 18.) Petitioner then requests that the Court "grant the writ and order his immediate release on appropriate conditions of supervision. In the alternative, Petitioner requests that the Court order a bond

hearing within seven days subject to [] safeguards . . . including automatic release if the hearing is not timely held, if the Immigration Judge declines jurisdiction, or if detention is continued without constitutionally adequate evidence, and grant such other and further relief as the Court deems just and proper." (*Id.* at 18–19.) Given the foregoing, and the parties' agreement, the Court finds that Petitioner is a member of the *Bautista* Bond Eligible Class and is entitled to a bond hearing pursuant to *Rodriguez Vazquez*, 2026 WL 2196424, at *3.

## V. ORDER

For the foregoing reasons, IT IS ORDERED that (1) the Amended Petition is granted in part; (2) Respondents must provide Petitioner Mitikiro Matapo Teava (A# 072-339-561) an individualized bond hearing pursuant to 8 U.S.C. § 1226(a) before a neutral decisionmaker, *Lopez v. Garland*, 631 F. Supp. 3d 870, 882 (E.D. Cal. 2022) (bond hearing is appropriate remedy), consistent with applicable due process requirements, within seven (7) days or otherwise release Petitioner from custody under the same conditions that existed before Petitioner's detention; and (3) Petitioner's other claims are dismissed as moot in the Amended Petition.

DATED: August 19, 2026

HON. ANGELA C. C. VIRAMONTES
United States Magistrate Judge